FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 24 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,

        v.

TIMOTHY T. KRUZEL and MICHAEL
R. SIRCY,

        Defendants.

CIVIL ACTION

NO. 1:05-CV-2692-RLV

## O R D E R

This matter came on for a bench trial on July 24, 2006; the following will constitute the court's findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure.

The issue in this case is who is entitled to the proceeds of a life insurance policy issued by Metropolitan Life Insurance Company to the Boy Scouts of America, as group policyholder. On February 2, 1998, the Donna Sircy, an employee of the group policyholder completed and signed an Employee Benefits Enrollment Form whereby she enrolled for basic life insurance coverage under the policy; Ms. Sircy designated her sister, Susan M. Haversieck, as primary beneficiary, and her brother, Michael R. Sircy, as her contingent beneficiary.

On April 20, 2005, Donna Sircy Kruzel completed and signed a Beneficiary Designation Form whereby she designated her husband,

Timothy Travis Kruzel, as primary beneficiary of her life insurance proceeds; she did not designate a contingent beneficiary.

On May 18, 2005, Ms. Kruzel completed and signed a Beneficiary Designation Form whereby she designated her brother, Michael R. Sircy, as primary beneficiary of her life insurance proceeds and her sister, Susan M. Haversieck, as contingent beneficiary.

Ms. Kruzel died of metastatic uterine cancer on June 16, 2005. Both Mr. Sircy and Mr. Kruzel submitted Claim Statements, asserting their right to the policy proceeds. Metropolitan Life, faced with competing claims to the insurance proceeds, then filed this interpleader action, depositing the proceeds into the registry of the court. By previous order, this court directed that the attorney fees and costs incurred by Metropolitan Life be paid to Metropolitan Life from the proceeds paid into the registry of the court, and such funds have already been paid.

Mr. Kruzel does not deny that Ms. Kruzel changed her beneficiary on May 18, 2005. He contends, however, that because of her illness she was incompetent to make that change. The degree of mentality necessary for a party to execute a valid change with respect to an insurance policy is that the party must be possessed of mind and reason equal to a clear understanding of the nature and consequence of that party's actions. This is a question of fact to be determined by the trier of fact. Wood v. State Farm Life Insurance Co., 146 Ga. App. 186 (1978).

2

"Every man is presumed to have all his mental faculties and to be of normal and ordinary intelligence, and where it is contended that one who executed a contract was not competent to execute it, the burden is upon him who asserts the incompetency. Mental or physical impairment is never presumed. It must be proved." Gulf Life Ins. Co. v. Wilson, 123 Ga. App. 631, 632 (1971).

In this case, the only evidence presented regarding the incapacity of Ms. Kruzel were the self-serving statements of Mr. Kruzel. After carefully reviewing all the material that has been filed in this case and after carefully considering the statements of Mr. Kruzel, this court holds that he has not met his burden of proving that Ms. Kruzel was incompetent when she signed the Designation of Beneficiary on May 18, 2005. Consequently, the clerk will enter judgment for Michael R. Sircy, stating that he is entitled to the remaining portion of the insurance proceeds that were paid into court by Metropolitan Life Insurance Company.

SO ORDERED, this 24th day of July, 2006.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge

3